UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSICA J.,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | CASE NO. 3:25-CV-5341-DWC<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of her application for disability insurance benefits ("DIB").[1] After considering the record, the Court concludes Plaintiff has not shown the Administrative Law Judge ("ALJ") erred when he found Plaintiff's mental impairments did not meet or equal the requirements of Listings 12.04 or 12.06. Accordingly, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 1

1  I.     **Factual and Procedural History**

2  Plaintiff protectively filed a claim for DIB on January 10, 2016, alleging disability

3  beginning on March 15, 2013. Dkt. 7, Administrative Record ("AR") 207–11. Her application

4  was denied at the initial level and on reconsideration. AR 99, 114. She requested a hearing

5  before an ALJ, which took place on February 13, 2018. AR 39–98, 138–39. Plaintiff was

6  represented by counsel at the hearing. *See* AR 39. On July 23, 2018, the ALJ issued an

7  unfavorable decision denying benefits. AR 17–36. The Appeals Council denied Plaintiff's

8  request for review. AR 1–6, 204–06. Plaintiff appealed to this Court. AR 1483–86.

9  On February 27, 2020, the Court reversed and remanded the case pursuant to the

10 stipulation of parties. AR 1491–96. In accordance with the Court's order, the Appeals Council

11 vacated the prior decision and remanded the case for further proceedings. AR 1497–1501.

12 Additional hearings were held before an ALJ on June 1, 2021, and October 28, 2021. AR 1418–

13 54. On November 23, 2021, the ALJ issued another unfavorable decision denying benefits. AR

14 1383–1417. The Appeals Council again denied Plaintiff's request for review, and Plaintiff

15 appealed. AR 1376–82, 1710–12, 3102–04.

16 On April 4, 2023, the Court again reversed, and the Appeals Council vacated the

17 November 23, 2021, decision and sent the case back to an ALJ. AR 3105–17, 3118–22. Another

18 hearing took place on May 7, 2024. AR 3036–59. On June 14, 2024, the ALJ issued a third

19 unfavorable decision denying benefits. AR 3003–35. The Appeals Council denied Plaintiff's

20 request for review, making the ALJ's decision the final decision of the Commissioner. AR 2996–

21 3002, 3223–26. Plaintiff appealed to this Court for a third time. *See* Dkts. 1, 5.

22 In the final decision dated June 14, 2024, the ALJ found Plaintiff had the severe

23 impairments of right shoulder tendonitis with cyst, major depressive disorder, generalized

24

anxiety disorder, and bipolar disorder. AR 3009. The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). AR 3010. Despite her impairments, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as described in 20 C.F.R. § 416.967(b) with certain caveats. AR 3012.

## II.     Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

## III.    Discussion

Plaintiff contends the ALJ erred in determining that her mental impairments did not meet or equal the requirements of Listings 12.04 or 12.06 at step three of the sequential evaluation, leading to an erroneous RFC and step five findings. Dkt. 9 at 2, 4–6. She argues the proper

remedy for this error is remand for an award of benefits for the closed period of March 15, 2013, to March 31, 2017. *Id.* at 2. In the alternative, she requests remand for a new hearing. *Id.*

A. Step Three Standard

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs and laboratory findings" that must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). "Listed impairments are purposefully set at a high level of severity because 'the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.'" *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)).

The burden of proof is on the claimant to establish she meets or equals any of the impairments in the Listings. *See Tackett*, 180 F.3d at 1098. "A generalized assertion of functional problems is not enough to establish disability at step three." *Id.* at 1100 (citing 20 C.F.R. § 404.1526). A mental or physical impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508. The impairment must be established by medical evidence "consisting of signs, symptoms, and laboratory findings." *Id.*; *see also* Social Security Ruling ("SSR")[2] 96-8p, 1996 WL 374184, at *2 (July 2, 1996) (a step

---

[2] "Social Security Rulings do not carry the force of law, but they are binding on ALJs nonetheless." *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017) (quoting *Molina*, 674 F.3d at 1113 n.5) (cleaned up).

three determination must be made on basis of medical factors alone). An impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83-19, 1983 WL 31248, at *2 (Jan. 1, 1983). The ALJ "is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Listing 12.04, concerning depressive, bipolar, and related disorders, and Listing 12.06, concerning anxiety and obsessive-compulsive disorders, each contain three paragraphs, designated A, B, and C. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(A)(2). To meet these Listings, a mental disorder must satisfy the requirements of paragraph A and either paragraph B or paragraph C. *Id.* Paragraph A of each Listing requires medical documentation of certain enumerated symptoms. *Id.* at 12.04(A), 12.06(A). Paragraph B of both Listings requires "[e]xtreme limitation of one, or marked limitation of two," of four broad areas of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* at 12.04(B), 12.06(B). A marked limitation exists when an individual's ability to function "independently, appropriately, effectively, and on a sustained basis" in a specific area "is seriously limited." *Id.* at 12.00(F)(2)(d). An extreme limitation exists in an area when the individual is "not able to function in this area independently, appropriately, effectively, and on a sustained basis." *Id.* at 12.00(F)(2)(e). Paragraph C of each Listing requires that the mental disorder be "serious and persistent." *Id.* at 12.04(C), 12.06(C).

B. <u>Plaintiff's Mental Impairments</u>

Plaintiff argues the ALJ erred in determining that her mental impairments did not meet or equal the criteria of Listings 12.04 or 12.06. Dkt. 9 at 6. Specially, she contends the ALJ "improperly ignored" medical opinion evidence from psychological examiners Loren McCollom, Ph.D., and Jane C. Hayward, Psy.D., when considering the paragraph B factors. *Id.* at 6–7.

When analyzing the paragraph B factors, the ALJ found Plaintiff had moderate limitations in her ability to understand, remember, or apply information; concentrate, persist, or maintain pace; and adapt or manage herself; and a mild limitation in her ability to interact with others. AR 3011–12. A moderate limitation indicates "fair" functioning, while a mild limitation indicates only "slightly limited" functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(F)(2)(b), (c). Plaintiff contends the medical opinion evidence from Dr. McCollom and Dr. Hayward showed marked limitations in her ability to concentrate, persist, or maintain pace; and to adapt or manage herself. Dkt. 9 at 6.

          *1. Concentrating, Persisting, and Maintaining Pace*

When evaluating Plaintiff's ability to concentrate, persist, and maintain pace, the ALJ first addressed Plaintiff's own statements concerning this functional area: "Although the claimant has reported having difficulty paying attention, she has acknowledged she can focus sufficiently to take care of her routine tasks, including preparing meals, doing household chores, and caring for her young children as well as reading, crocheting, and working on various art projects." AR 3011 (citing AR 259–70, 667, 671–83, 1339, 3039–54). The cited records, which included Plaintiff's function report, diet and activity logs, and hearing testimony, provide sufficient support for this statement.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 6

The ALJ then addressed medical sources' statements regarding this area:

> [O]n examination, [Plaintiff] is typically described as alert, oriented in all spheres, and without any focal deficits and testing has revealed intact/average/adequate attention, concentration, and memory[.] In reaching this determination, the undersigned notes that on mental status examinations, the claimant was able to complete a three-step task, recite serial 3's and serial 7's, and did not exhibit deficits in memory, recall, or concentration.

AR 3011–12 (citing AR 415–17, 839–40, 844). The ALJ cited to the medical source statements of Dr. McCollom, Dr. Hayward, and Tim Earnest, M.D., which contain support for these findings.

Plaintiff argues the ALJ improperly ignored her 2018 hearing testimony concerning her need for additional breaks and Dr. McCollom's opinion that "[Plaintiff's] adapting capabilities are currently compromised by her mental health symptomology, as evidenced by the presence of suicidal ideation." Dkt. 9 at 8 (citing AR 64, 88, 417). But elsewhere in the decision, the ALJ found Plaintiff's statements about the severity of her symptoms were not entirely supported by the record and discounted the weight given to Dr. McCollom's opinion.[3] AR 3014, 3018. As Defendant points out, Plaintiff has not challenged these findings. *See* Dkts. 9; 12 at 1–2; 13. The ALJ cited to Plaintiff's hearing testimony and Dr. McCollom's opinion statement in his step three analysis, indicating he considered this evidence. Although Plaintiff interprets this evidence differently, she has not shown the ALJ erred in concluding her limitation in this functional area was moderate. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

---

[3] The Court "[l]ook[s] to *all* the pages of the ALJ's decision" on judicial review. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (emphasis in original).

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 7

### 2. Adapting or Managing Oneself

The ALJ also found Plaintiff moderately limited in her ability to adapt or manage herself:

> [T]he claimant reports becoming overwhelmed by the tasks facing her, but has nevertheless indicated she could take care of her personal needs, prepare meals for herself and her family, take care of household chores, drive, shop, care for her two young children, and also care for her husband when he was injured. The undersigned also notes that while the claimant sometimes felt overwhelmed by her anxiety and depression during the period of adjudication, she was able to research and access various treatment options and did not have more than minor difficulties taking care of herself and handling her day-to-day responsibilities independently.

AR 3012 (citing AR 259–70, 406, 415–17, 839–40, 844).

The ALJ acknowledged Plaintiff's reports of her subjective complaints and daily activities, which are reflected in the record. Again, Plaintiff does not challenge the ALJ's evaluation of her testimony. *See* Dkts. 9, 13. Although the ALJ did not reference the statements of Dr. McCollom or Dr. Hayward specifically in making this finding, he cited to their opinions and acknowledged Plaintiff's reports to these evaluators.

When evaluating the medical opinion evidence, the ALJ gave Dr. Hayward's opinion some weight. AR 3019. The ALJ specifically found Dr. Hayward's opinion that Plaintiff "would have difficulty . . . adapting to changes in a routine work setting [] consistent with the evidence discussed above." AR 3019. But it is not clear that "difficulty" adapting to changes would necessarily constitute a marked, rather than moderate, limitation. See *Tackett*, 180 F.3d at 1098 ("If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ.").[4] Because the ALJ's findings at step three were supported by substantial evidence in the record, Plaintiff has not shown the ALJ erred at this step of the sequential evaluation.

---

[4] Even if this finding indicated a marked limitation, the error would be harmless, as marked limitations in two functional areas are necessary to satisfy the paragraph B requirements. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.04(B), 12.06(B).

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 8

IV. **Conclusion**

Based on the foregoing reasons, the Court hereby finds the ALJ did not err in concluding Plaintiff was not disabled beginning March 15, 2013. Accordingly, the Commissioner's decision is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 6th day of October, 2025.

David W. Christel
United States Magistrate Judge